THOMAS, J., not voting.

---

(163 App. Div. 16)

## LEOPOLD v. HEYMANN.

(Supreme Court, Appellate Division, Second Department. June 5, 1914.)

1. SUBMISSION OF CONTROVERSY (§ 17*)—HEARING.

On submission of a controversy on an agreed statement of facts authorized by Code Civ. Proc. § 1279, the court can draw no inferences, but is limited strictly to the facts set out as conceded.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. § 19; Dec. Dig. § 17.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. SUBMISSION OF CONTROVERSY (§ 17*)—SCOPE OF REMEDY.

Where, in a prior action to determine claims to real property, it was sought to bar the rights of certain defendants whose existence was in doubt, and summons ran against a certain defendant and three other persons named, or, if dead, against their widows, heirs, and grantees, all of whom were proceeded against through service by publication, whether the court acquired jurisdiction over the necessary parties so as to cut off their adverse possible interests could not be determined on a submission of controversy provided for by Code Civ. Proc. § 1279, without a statement of the ultimate facts.

[Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. § 19; Dec. Dig. § 17.*]

Submission of controversy on credited statement of facts under Code Civil Procedure, § 1279, between Bernard Leopold and Abraham Heymann. Dismissed without prejudice.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

Adam Christmann, Jr., of Brooklyn, for plaintiff.
Harry Percy David, of Brooklyn, for defendant.

PER CURIAM. Plaintiff and defendant entered into a contract for the sale of Flatbush land, for which plaintiff agreed to pay $7,500. The plaintiff, however, objected to the title on account of the form of the summons in a prior action under section 1638 of the Code of Civil Procedure, to determine claims to real property. In this action an effort was made to reach and bar William Lyons and wife, and other defendants, whose existence was in doubt, so that the summons ran against William Lyons and three other persons named, or, if dead, against their widows and heirs and grantees, all of whom had been proceeded against through service by publication. Upon this submission, the court is asked whether in this prior suit, jurisdiction over the necessary parties has been acquired, so as to cut off such adverse possible interests.

[1, 2] On an agreed statement of facts, this court can draw no inferences, and is bound strictly to the facts set out as conceded. Herein we are different from a trial court, which could infer the conclusions to which these facts point. Such evidentiary facts in an agreed statement, with no ultimate facts, do not present a case for disposition by this court under section 1279 of the Code of Civil Procedure.

Hence we have to dismiss these proceedings without prejudice to relief by an action, and without costs to either party, following Cerf v. Diener, 210 N. Y. 156, 162, 104 N. E. 126.

